**MADAR LAW CORPORATION**
Alex S. Madar, Esq. (SBN: 319745)
alex@madarlaw.net
14410 Via Venezia # 1404,
San Diego, CA 92129-1666
Telephone: (858) 299-5879
Fax: (619) 354-7281

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK KAUFMAN, Individually and On Behalf of All Others Similarly Situated,<br><br>KYLE MIHOLICH, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>GREAT DESTINATIONS, INC., DOES,<br><br>Defendants. | Case No.:  '19CV1459 DMS KSC<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

*(sidebar)* MADAR LAW CORPORATION 14410 VIA VENEZIA #1404 SAN DIEGO, CA 92129

### INTRODUCTION

1.     The plaintiffs MARK KAUFMAN ("Mr. Kaufman"), and KYLE MIHOLICH ("Mr. Miholich"), collectively ("Plaintiffs") bring this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of defendant GREAT DESTINATIONS, INC. ("Great Destinations" or "Defendant") in negligently and/or intentionally contacting Plaintiffs on their cellular telephones, in violation

of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*., ("TCPA") thereby invading Plaintiffs' privacy. Plaintiffs allege as follows upon personal knowledge as to themselves and their own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

### JURISDICTION AND VENUE

2.     This Court has federal question jurisdiction because this case arises out of violation of federal law. 47 U.S.C. § 227(b).

3.     Venue is proper in the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1391 because Defendant:

    (a)   is authorized to conduct business in this district and has intentionally availed itself of the laws by conducting business in this district;

    (b)   does substantial business within this district;

    (c)   is subject to personal jurisdiction in this district; and

    (d)   Plaintiffs were harmed by Defendant's conduct within this judicial district.

### PARTIES

4.     Mr. Kaufman is, and at all times relevant was, a citizen and resident of the State of California, County of San Diego, and is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

5.     Mr. Miholich is, and at all times relevant was, a citizen and resident of the State of California, County of San Diego, and is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

6.     Plaintiffs are informed and believe, and thereon allege, that GREAT DESTINATIONS, a vacation ownership company, is, and at all times mentioned herein was, a Nevada corporation with its principal place of business in California, and is a "person" as defined by 47 U.S.C. § 153(39).

MADAR LAW CORPORATION
14410 VIA VENEZIA #1404
SAN DIEGO, CA 92129

7.     Upon information and belief, GREAT DESTINATIONS operates business under it's own name, with a website of "www.gdvacations.com".

8.     Plaintiffs allege that at all times relevant herein, Defendant conducted business in the State of California and in the County of San Diego, and within this judicial district.

### FACTUAL ALLEGATIONS

9.     There are online complaints about Defendant's calling practices, including numerous complaints that Defendant placed unsolicited recorded message calls even to people who were on the National Do-Not-Call Registry.

10.     At all times relevant, Plaintiffs did not have a business relationship with GREAT DESTINATIONS.

11.     At all times relevant, Plaintiffs' telephone numbers were on the National Do-Not-Call Registry.

12.     On or about March 21, 2019, March 25, 2019, March 26, 2019, April 3, 2019, April 11, 2019, May 16, 2019, and other dates, GREAT DESTINATIONS or it's authorized agent called Mr. Kaufman on his cellular telephone number ending in "4299" using an automated telephone dialing system (ATDS) in attempts to book an appointment for Mr. Kaufman to attend a timeshare presentation at Defendant's showroom in Ontario, CA.

13.     On or about February 6, 2018, April 1, 2019, April 8, 2019, and other dates, GREAT DESTINATIONS or it's authorized agent called Mr. Miholich on his cellular telephone number ending in "5823" using an automated telephone dialing system (ATDS) in attempts to book an appointment for Mr. Miholich to attend a timeshare presentation at Defendant's showroom in Ontario, CA.

14.     Upon information and belief, GREAT DESTINATIONS sent or transmitted, or had sent or transmitted on its behalf, the same or substantially similar unsolicited phone calls via ATDS to thousands of consumers' cellular telephones nationwide.

15.     Upon information and belief, the automated telephone system used by GREAT DESTINATIONS or its agents to place these calls has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

16.     Upon information and belief, the automated telephone system also has the capacity to, and does, automatically dial telephone numbers stored as a list or in a database.

17.     Defendant's telephone communications were for marketing or solicitation purposes.

18.     Defendant's telephonic communications were not made for emergency purposes, as defined by 47 U.S.C. § 227(b)(1)(A)(iii).

19.     Defendant's telephonic communications were made to telephone numbers assigned to a cellular telephone service for which Plaintiffs incur a charge for cellular telephone service, pursuant to 47 U.S.C. § 227(b)(1).

20.     Plaintiffs' cell phone numbers are primarily used for personal reasons.

21.     Defendant did not have prior express written consent to call Plaintiffs' cell phones with an automated telephone dialing system or with a prerecorded voice message.

22.     Upon information and belief, Defendant obtained Plaintiffs' cell phone numbers from someone other than Plaintiffs.

23.     Through Defendant's aforementioned conduct, Plaintiffs suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

24.     Plaintiffs were personally affected by Defendant's aforementioned conduct because Plaintiffs were frustrated and annoyed that Defendant annoyed Plaintiffs with an unwanted prerecorded voice message using an ATDS without their prior express consent, in an effort to solicit the purchase of Defendant's timeshare vacations.

25.     Defendant's telephonic communication forced Plaintiffs and other similarly situated class members to live without the utility of their cellular phones because they were occupied by having to answer Defendant's unsolicited calls, causing annoyance and lost time.

26.     The prerecorded voice messages from Defendant, or its agent(s), violated 47 U.S.C. § 227(b)(1)(A)(iii).

## CLASS ACTION ALLEGATIONS

27.     Plaintiffs bring this action on behalf of themselves and on behalf of all others similarly situated.

28.     Plaintiffs represent, and are members of the class (the "Class"), consisting of:

> All persons within the United States who received any telephone call(s) from Defendant or its agent(s) and/or employee(s), not for an emergency purpose, on said person's cellular telephone, made through the use of any automatic telephone dialing system or artificial or prerecorded voice, within four years prior to the filing of the Complaint.

29.     Defendant and its employees or agents are excluded from the Class. Plaintiffs do not know the number of members in the Class, but believes the members of the Class number in the several thousands, if not more.  Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

30.     Plaintiffs and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agent(s), illegally contacted Plaintiffs and the members of the Class via their cellular telephones by using an ATDS or with a prerecorded voice, thereby invading the privacy of said Plaintiffs and the members of the Class.

31.     This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiffs reserve the right to expand the Class definitions to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

32.     The joinder of the members of the Class is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through records of Defendant and/or its agents and records of wireless telephone carriers.

33.     There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented.  The questions of law and fact common to the Class predominate over questions which may affect individual members of the Class, including the following:

(a)     Whether, within the four years prior to the filing of this Complaint, Defendant or its agent(s) placed any artificial or prerecorded call without the prior express written consent of the called party to members of the Class using an automatic dialing system;

(b)     Whether the calls were for marketing or solicitation purposes;

(c)     Whether Defendant can meet its burden of showing Defendant obtained prior express written consent;

(d)     Whether Defendant's conduct was knowing and/or willful;

(e)     Whether Plaintiffs and the members of the Class were damaged thereby, and the extent of damages for such violation; and

(f)     Whether Defendant and its agent(s) should be enjoined from engaging in such conduct in the future.

34.     As persons who received at least one prerecorded voice call from GREAT DESTINATIONS or its agents using an ATDS without Plaintiffs' prior express written consent, Plaintiffs are asserting claims that are typical of the Class.

35.     Plaintiffs will fairly and adequately represent and protect the interests of the Class in that Plaintiffs have no interest antagonistic to any member of the Class.

36.     Plaintiffs and the members of the Class have all suffered irreparable harm as a result of Defendant's unlawful and wrongful conduct.   Absent a class action, the Class will continue to face the potential for irreparable harm.   In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of each individual Class member's claims, few, if any, members of the Class could afford to seek legal redress for the wrongs complained of herein.

37.     Plaintiffs have retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

38.     A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal law. The interest of members of the Class in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

39.     Notice may be provided to the Class members by direct mail and/or email notice, publication notice and by other reasonable means.

40.     Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

///

MADAR LAW CORPORATION
14410 VIA VENEZIA #1404
SAN DIEGO, CA 92129

### FIRST CAUSE OF ACTION
### NEGLIGENT VIOLATIONS OF THE TCPA
### 47 U.S.C. § 227 ET SEQ.

41.     Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

42.     The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq.*

43.     As a result of Defendant's negligent violations of 47 U.S.C. § 227, *et seq.*, Plaintiffs and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

44.     Plaintiffs and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### SECOND CAUSE OF ACTION
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA
### 47 U.S.C. § 227 ET SEQ.

45.     Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

46.     The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq.*

47.     As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227, *et seq.*, Plaintiff and the Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

48.     Plaintiffs and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs and the Class members pray for judgment against Defendant and the following relief:

- An order certifying the Class as requested herein;

- An order appointing Plaintiffs to serve as the representatives of the Class in this matter and appointing Plaintiffs' Counsel as Class Counsel in this matter;

- An award of $500.00 in statutory damages to Plaintiffs and each Class member for each and every negligent violation of 47 U.S.C. § 227(b)(1) by Defendant, pursuant to 47 U.S.C. § 227(b)(3)(B);

- An award of $1,500.00 in statutory damages to Plaintiffs and each Class member for each and every knowing and/or willful violation of 47 U.S.C. § 227(b)(1) by Defendant, pursuant to 47 U.S.C. § 227(b)(3)(B);

- Pre-judgment and post-judgment interest;

- An order providing injunctive relief prohibiting such conduct in the future, pursuant to 47 U.S.C. § 227(b)(3)(A);

- An award of reasonable costs of suit;

- An award of reasonable attorneys' fees;

- Any other relief the Court may deem just and proper.

## TRIAL BY JURY

49. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand, a trial by jury.


Dated: August 4, 2019                    Respectfully submitted,


**MADAR LAW CORPORATION**

By:   s/ ALEX S. MADAR_____
      ALEX S. MADAR
      ATTORNEY FOR PLAINTIFFS

MADAR LAW CORPORATION
14410 VIA VENEZIA #1404
SAN DIEGO, CA 92129

## CERTIFICATION OF WORD COUNT

I, Alex S. Madar, hereby certify that, according to the computer program used to prepare this document, Complaint, contains 2339 words.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on this 4th day of August, 2019, in San Diego, California.

**MADAR LAW CORPORATION**

By:  s/ ALEX S. MADAR_____
ALEX S. MADAR
ATTORNEY FOR PLAINTIFFS